## UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————
                                 )

AJU BESTEEL CO., LTD.,            )

                             )

              Plaintiff,    )

        v.                 )     Court No. 22-00139

                             )

UNITED STATES,               )

                             )

             Defendant.   )

——————————————————————— )

## COMPLAINT

Pursuant to Rule 3(a)(2) of the Rules of the United States Court of International Trade, Plaintiff, AJU Besteel Co., Ltd. (hereinafter, "Plaintiff" or "AJU Besteel"), by and through its counsel, alleges and states as follows:

## JURISDICTION

1.      Plaintiff brings this action pursuant to, and in accordance with, sections 516A(a)(2)(A)(i)(I) and 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended (codified at 19 U.S.C. §§ 1516a(a)(2)(A)(i)(I) and (a)(2)(B)(iii)), contesting certain aspects of the final results of the 2019-2020 administrative review of the antidumping duty order on *Certain Oil Country Tubular Goods from the Republic of Korea*, Case No. A-580-870, issued by the U.S. Department of Commerce ("Commerce"), International Trade Administration, as it applies to Plaintiff. *See Certain Oil Country Tubular Goods from the Republic of Korea: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019–2020*, 87 Fed. Reg. 20,815 (Dep't Commerce Apr. 8, 2022) ("*Final Results*"), and accompanying unpublished Issues and Decision Memorandum (Dep't Commerce Apr. 1, 2022).

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2).

Court No. 22-00139                                                    **Complaint**

## STANDING

3.      Plaintiff is a foreign producer and exporter of subject merchandise, oil country

tubular goods from Korea, and therefore is an interested party within the meaning of 19 U.S.C. §

1677(9)(A).  Plaintiff requested an administrative review, but it was not selected for individual

examination by Commerce and thus was subject to the "non-examined companies" antidumping

duty rate that Commerce assigned based on the average of the rates calculated for the two

mandatory respondents.  Plaintiff participated in the administrative review proceeding by

requesting a review and through the filing of legal arguments to address substantive case issues.

Accordingly, Plaintiff has standing to commence this action pursuant to 19 U.S.C. § 1516a(d)

and 28 U.S.C. § 2631(c).

## TIMELINESS

4.      The *Final Results*, which is being challenged herein, were published in the

*Federal Register* on April 8, 2022.  *See* 87 Fed. Reg. 20,815.  On May 6, 2022, Plaintiff timely

filed a Summons initiating this action within thirty days of the publication of the *Final Results*,

and Plaintiff is timely filing the Complaint today within thirty days of the filing of the Summons.

The filing of the Summons and Complaint thus are timely in accordance with 19 U.S.C. §

1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rules 3(a)(2) and 6(a) of the Rules of the U.S. Court of

International Trade.

## STANDARD OF REVIEW

5.      This Court reviews actions concerning determinations issued by Commerce

brought under 19 U.S.C. § 1516a(a)(2) to determine whether they are "unsupported by

substantial evidence on the record, or otherwise not in accordance with law."  19 U.S.C. §

1516a(b)(1)(B)(i).

**Court No. 22-00139**                                                     **Complaint**

<u>**PROCEDURAL HISTORY**</u>

6.        On October 30, 2020, Commerce initiated the 6th administrative review of the antidumping duty order on oil country tubular goods ("OCTG") from the Republic of Korea.  *See Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 85 Fed. Reg. 68,840 (Dep't Commerce Oct. 30, 2020).  Commerce's period of review ("POR") was September 1, 2019, through August 31, 2020.

7.        On December 18, 2020, Commerce issued a memorandum stating that it had selected Hyundai Steel Company ("Hyundai Steel") and SeAH Steel Corporation ("SeAH") as mandatory respondents in the 2019-2020 administrative review.

8.        On September 29, 2021, Commerce issued its preliminary results of the 2019-2020 administrative review.  *See Certain Oil Country Tubular Goods from the Republic of Korea:  Preliminary Results of Antidumping Duty Administrative Review and Preliminary Determination of No Shipments; 2019–2020*, 86 Fed. Reg. 54,928 (Dep't Commerce Oct. 5, 2021) ("*Preliminary Results*"), and accompanying unpublished Decision Memorandum for the Preliminary Results of the 2019-2020 Administrative Review (Dep't Commerce Sept. 29, 2021).  In its *Preliminary Results*, Commerce calculated antidumping duty margins of 19.38 percent *ad valorem* for Hyundai Steel and 3.85 percent *ad valorem* for SeAH.  *Id.* at 54,929.  As part of its *Preliminary Results*, Commerce assigned a preliminary antidumping duty rate of 11.62 percent *ad valorem* to 30 non-examined companies, including Plaintiff, based on the average of the rates calculated for Hyundai Steel and SeAH.

9.        In November 2021, interested parties, including Plaintiff, submitted case and rebuttal briefs addressing issues in the *Preliminary Results*, including, *inter alia*, objections to Commerce's methodology for calculating constructed value ("CV") profit and selling expenses

and constructed export price ("CEP") profit for Hyundai Steel based on the business proprietary third-country sales data of SeAH. Plaintiff argued that Commerce should calculate CV profit and selling expenses and CEP profit for Hyundai Steel in a manner that is consistent with the statute and is reasonable, representative, and non-distortive, and then should recalculate the review-specific average rate assigned to Plaintiff accordingly.

10.      On April 8, 2022, Commerce published its *Final Results* in which it calculated antidumping duty margins of 19.54 percent *ad valorem* for Hyundai Steel and 3.85 percent *ad valorem* for SeAH. *See Final Results*, 85 Fed. Reg. at 20,816. Commerce also assigned a final antidumping duty rate of 11.70 percent *ad valorem* to the non-examined companies, including Plaintiff, based on the average of the final rates calculated for the two mandatory respondents. *Id.* The legal bases for Commerce's *Final Results* were set forth in an unpublished Issues and Decision Memorandum dated April 1, 2022.

## ISSUES PRESENTED BY THE ACTION AND PLAINTIFF'S STATEMENT OF CLAIMS

11.      In the following respects, and for other reasons apparent from the record of the administrative proceeding, Commerce's *Final Results* in its 2019-2020 antidumping duty administrative review were unsupported by substantial record evidence and/or were otherwise not in accordance with law.

## COUNT ONE

12.      Paragraphs 1 through 11 are incorporated herein by reference.

13.      The final review-specific average rate of 11.70 percent *ad valorem* that Commerce calculated for all non-examined companies subject to the review, including Plaintiff, derived from the final antidumping duty margins that Commerce calculated for the two mandatory respondents in the 2019-2020 administrative review, i.e., Hyundai Steel and SeAH.

Hyundai Steel has filed a summons and complaint challenging certain aspects of Commerce's calculation of its individual margin.  *See* Court No. 22-00138.  These challenged aspects of Commerce's *Final Results* include:

(A)     Commerce's determination to calculate Hyundai Steel's CV profit and selling expenses using the business proprietary information of the other mandatory respondent, SeAH, related to SeAH's third-country sales to Kuwait, is not supported by substantial evidence and is otherwise not in accordance with law;

(B)     Commerce's failure to calculate, or attempt to calculate, a CV profit rate cap as expressly required by statute, is not supported by substantial evidence and is otherwise not in accordance with law;

(C)     Commerce's decision to use the profits earned on SeAH's third-country sales to Kuwait as the basis for calculating CEP profit for Hyundai Steel, which was the same flawed source that Commerce used for CV profit, is not supported by substantial evidence and is otherwise not in accordance with law;

(D)     Commerce's determination to increase the numerator and decrease the denominator of the general and administrative expense ratio of Hyundai Steel's U.S. affiliate (HSU) to account for the cost of goods sold of rejected pipes that HSU sold to an unaffiliated U.S. customer is not supported by substantial evidence; and

(E)     Commerce's determination to apply neutral facts available to the calculation of HSU's yield loss on further manufacturing operations is not supported by substantial evidence and is otherwise not in accordance with law.

14.     Plaintiff challenges these and all other aspects of Commerce's determination and resulting calculation adjustments for Hyundai Steel as these issues directly impacted the final

Court No. 22-00139                                                                                    **Complaint**

antidumping duty rate applicable to Plaintiff.  In that regard, Plaintiff concurs with the complaint already filed by Hyundai Steel in its separate appeal to this Court.  Because Plaintiff's antidumping duty margin was based, in part, on the final weighted-average dumping margin calculated for Hyundai Steel, Plaintiff's final antidumping duty margin likewise is not supported by substantial evidence or otherwise in accordance with law.

15.     Plaintiff submits that all appeals arising out of Commerce's *Final Results* should be consolidated into a single action.

**<u>DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF</u>**

16.     For the reasons stated above, Plaintiff respectfully requests that the Court:

(a)     enter judgment in Plaintiff's favor;

(b)     declare that with respect to the issues raised in this Complaint, Commerce's determinations and all related findings and conclusions are unsupported by substantial evidence on the record or are otherwise not in accordance with law;

(c)     remand these matters to Commerce for redetermination consistent with the Court's opinion, including a recalculation of Plaintiff's antidumping duty margin; and

(d)     provide such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jarrod M. Goldfeder
Robert G. Gosselink
Jarrod M. Goldfeder

TRADE PACIFIC PLLC
700 Pennsylvania Avenue, SE, Suite 500
Washington, DC  20003
Tel:  (202) 223-3760
Fax:  (202) 223-3763
Email:  jgoldfeder@tradepacificlaw.com

Dated:  May 10, 2022                                        *Counsel to Plaintiff*

## UNITED STATES COURT OF INTERNATIONAL TRADE

### AJU Besteel Co., Ltd. v. United States, Court No. 22-00139

### <u>Public Certificate of Service</u>

I hereby certify that on this 10th day of May, 2022, copies of the foregoing Complaint were served by certified mail, return receipt requested, on the following parties:

*On behalf of the U.S. Dep't of Commerce:*
Supervising Attorney
Civil Division – Commercial Litigation Branch
U.S. DEPARTMENT OF JUSTICE
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Attorney-in-Charge
UNITED STATES DEPARTMENT OF JUSTICE
Commercial Litigation Branch
International Trade Field Office
26 Federal Plaza, Room 346
New York, NY  10278

Office of the Chief Counsel
for Enforcement & Compliance
U.S. DEPARTMENT OF COMMERCE
14th Street & Constitution Avenue, N.W.
Washington, DC  20230

*On behalf of SeAH Steel Corporation:*
Jeffrey M. Winton, Esq.
WINTON & CHAPMAN PLLC
1900 L Street, NW Suite 611
Washington, DC  20036

*On behalf of Maverick Tube Corporation, Tenaris Bay City, Inc., and IPSCO Tubulars Inc.:*
Gregory J. Spak, Esq.
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC  20005

*On behalf of Vallourec Star, L.P. and Welded Tube USA:*
Roger B. Schagrin, Esq.
SCHAGRIN ASSOCIATES
900 7th Street, NW, Suite 500
Washington, DC  20001

*On behalf of United States Steel Corp.:*
Thomas M. Beline, Esq.
CASSIDY LEVY KENT (USA) LLP
900 19th Street, NW, Suite 400
Washington, DC  20006

*On behalf of Husteel Co., Ltd.:*
Donald B. Cameron, Esq.
MORRIS, MANNING & MARTIN, LLP
1401 I Street, NW, Suite 600
Washington, DC 20005

J. David Park, Esq.
*Representative of NEXTEEL Co., Ltd.*
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave., NW
Washington, DC  20001

<u>/s/ Jarrod M. Goldfeder</u>
Jarrod M. Goldfeder